UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TOMMY J. SCHUETTE,

    Plaintiff,

v

v

STEVEN P. RAND, in his individual
and official capacities, and
JACKSON COUNTY,

    Defendants.

Case No. 4:18-cv-10497-SDD
Hon. Laurie J. Michelson
Mag. Stephanie D. Davis

| | |
|---|---|
| James K. Fett (P39461)<br>FETT & FIELDS, P.C.<br>805 E. Main<br>Pinckney, MI 48169<br>734-954-0100<br>734-954-0762-fax<br>jim@fettlaw.com<br>Attorneys for Plaintiff | Andrew J. Brege (P71474)<br>Johnson, Rosati, Schultz & Joppich, PC<br>822 Centennial Way, Ste 270<br>Lansing, MI 48917<br>517-886-3800<br>abrege@jrsjlaw.com<br>Attorney for Defendant Steven P. Rand |
| | Bonnie G. Toskey (P30601)<br>Gordon J. Love (P74713)<br>Cohl, Stoker & Toskey, PC<br>601 N Capitol Ave<br>Lansing, MI 48933<br>517-372-9000<br>btoskey@vstmlaw.com<br>Attorney for Defendant Jackson County |

# PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, through counsel, Fett & Fields, P.C., states the following complaint against Defendants:

## JURISDICTION AND PARTIES

1. This is an action for retaliatory discharge in violation of 42 U.S.C. § 1981, the Elliott-Larsen Civil Rights Act, M.C.L.A. 37.2701, Title VII of the Civil Rights Act of 1964 ("Title VII") as well as discrimination and a hostile work environment based on disability in violation of the Americans with Disabilities Act ("ADA") 42 USC §12101 et seq and the Persons with Disabilities Act, M.C.L.A. 37.1101 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) (federal civil rights) and 28 U.S.C. § 1367 (pendent state law claims).

3. This Court has jurisdiction to grant injunctive and equitable relief, as well as money damages, pursuant to 29 U.S.C. § 626(c).

4. Plaintiff exhausted administrative remedies and a right to sue letter was mailed to Plaintiff by the EEOC on April 23, 2018.

5. Plaintiff is a White male lieutenant with the Jackson County Sheriff Department.

6. Defendant Steven P. Rand ("Rand") is the duly elected Sheriff of Defendant Jackson County.

7. The Sheriff's Department is a department of Defendant Jackson County (the "County").

8. The events giving rise to this cause of action occurred in Jackson County, Michigan.

9. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

## COMMON ALLEGATIONS

10. Plaintiff is 40 years old; he holds a bachelor's in Criminal Justice and joined the Jackson County Sheriff's Department in 1998.

11. Plaintiff has an impeccable employment record and as a result was promoted through the ranks to lieutenant in 2013.

### PLAINTIFF'S HEARING LOSS

12. Plaintiff suffers from sensorineural hearing loss which he sustained over time from work-related activities, particularly while a member and then the Commander of the Jackson County Special Response Team ("SRT").

13. Between 2014 and 2015 noticed that he was having difficulty hearing, especially after the use of explosive stun grenades known as "Flash Bangs."

14. Others, including SRT members and Rand, began noticing Plaintiff's hearing issues.

15. By 2015 Plaintiff was unable to hear SRT radio communications.

16. Between 2015 and 2016 Plaintiff began to talk with Rand about his hearing concerns and stepping down as SRT Commander.

17. Rand's response was to tell Plaintiff to "stop being a pussy," threaten to demote him, ask him whether he wanted to be a sergeant again and remind him that he could be fired at any time.

18. Rand on a daily basis in the presence of witnesses would mock Plaintiff by calling out his name in a voice imitating a deaf or mentally disabled person.

19. Rand continually threatened to demote Plaintiff if he made an issue of his hearing loss.

20. On August 12, 2016, Plaintiff and the SRT team were dispatched to a scene where a husband had shot his wife and eventually shot himself; Plaintiff had great difficulty communicating with his team during his time at the crime scene.

21. Afterwards, Plaintiff informed Rand that he could not continue as SRT Commander because of his hearing loss.

22. Rand's response was again to call Plaintiff a "pussy" and ask if he wanted to be demoted.

23. Nonetheless, Plaintiff reported his hearing loss to Human Resources Director Richard Martonchik in October 2016.

24. Martonchik directed Plaintiff to have a hearing test with Allegiance Workwell; the Workwell test indicated severe hearing loss.

25. Martonchik then directed Plaintiff to seek a referral to a hearing specialist, who in November 2016 diagnosed Plaintiff with Sensorineural Hearing Loss and opined that "more likely than not related to occupational noise exposure."

26. Plaintiff provided Martonchik with a copy of the specialist's report.

27. Although Rand regularly harassed Plaintiff about his hearing before the report to Human Resources and subsequent test, Rand became relentless in his harassment of Plaintiff afterward; nonetheless, Plaintiff continued to perform his duties in an exemplary fashion.

### RAND'S MULTIFACETED APPROACH TO BIGOTRY

28. Rand is a multifaceted bigot, having made numerous slurs in the presence of many individuals, including Plaintiff, targeting:

   a. Blacks;
   b. Gays;
   c. Women;
   d. Hispanics
   e. Overweight people; and
   f. Disabled people.

29. Rand's slurs (many of them recorded) include:

   a. In August 2017, reference to a former Black deputy as a "dumb n - - - - -" and other Blacks as "monkeys;"
   b. Frequent reference to Plaintiff and others as a "fag" or a "queer;"

  c. In reference to a county employee, his statement that "I always wanted to do a snuff film with her and she could be the star, I would put one in the back of her head as I [ejaculate];"

  d. In October 2017, reference to a local female judge as a "scatter brained c - - -;"

  e. In September 2017, the statement to a Hispanic City of Jackson command officer: "don't you have any gardens to go pick?;"

  f. Frequently addressing two heavy command officers with the word "fat" before their first name, e.g. "fat Tom"; and

  g. Frequent reference to Plaintiff as "deaf and dumb," "f _ _ _ _ _ g retard," "retard" or "special needs" because of his hearing loss.

30. Rand also made regular sexually inappropriate inquiries to male members of the department about female employees, including two different female deputies.

31. In an August 2017 staff meeting, Rand referred to Blacks and a Black deputy that was under an internal investigation and remarked "we should step on their necks like we used to."

32. When Plaintiff attended a "Special Needs" lunch sponsored by the local school district in October 2017, Rand texted the School Liaison Deputy "I understand Schuette is meeting you for lunch. Make sure nobody thinks he is one of them and accidentally puts him on the bus;" Plaintiff has a screen shot of the text.

33. Rand's relentless harassment of Plaintiff and the egregious conduct described above finally took its toll, requiring Plaintiff to seek medical care and psychological counselling in October 2017.

34. Plaintiff's therapist diagnosed him with Post Traumatic Stress Disorder ("PTSD").

35. Plaintiff applied for and received FMLA leave on October 19, 2017.

36. Plaintiff applied for workers' compensation benefits in November 2017, which the County's workers' compensation insurer denied.

37. The County apparently convinced its short-term disability carrier to provide benefits even though Plaintiff's medical conditions are work-related.

38. Plaintiff on January 3, 2018 requested a meeting with County Human Resources Director Richard Martonchik and County Administrator Michael Overton to report Rand's antics; Martonchik reluctantly agreed to "get back" with Plaintiff, which he failed to do.

39. Consequently, Plaintiff called Martonchik again a week later and was able to secure a meeting with Martonchik and Overton on January 17.

40. At the meeting Plaintiff informed Martonchik and Overton of the purpose of the meeting, explained in detail his experience and struggles he and others were experiencing on account of Rand's behavior (see paragraphs 26-30 above) and then played recordings of Rand in action; he also provided witness information, adding that he was extremely concerned about retaliation by Rand against the witnesses and himself.

41. Martonchik and Overton were only minimally interested, and after only a few recordings, Martonchik stated "Ok we're disgusted and have heard enough."

42. Martonchik then started to explain that Plaintiff's short-term disability benefits were about to end and mentioned the long-term disability process when Plaintiff interrupted, and asserted that, per policy, he should be on paid administrative leave pending an internal investigation.

43. Martonchik said that they would be in touch.

44. When he heard nothing from Martonchik or Overton, Plaintiff, on January 29, called Overton who never returned the call.

45. Shortly afterward, Martonchik called and informed Plaintiff that he would be forwarding long-term disability paperwork but refused to provide any information regarding Plaintiff's complaint against Rand.

46. The County never initiated the interactive process to determine whether accommodation was necessary and what the accommodation should be.

47. The County is attempting to saddle the LTD carrier with liability for Plaintiff's workers' compensation injuries and refusing to address Rand's egregious misconduct to avoid (1) accommodating Plaintiff and returning him to work and (2) doing the right thing with respect to Rand.

48. The County's actions constitute an actual or constructive termination of Plaintiff's employment.

## COUNT I – RETALIATION
### (Against the Defendant County)

49. Plaintiff incorporates by reference each of the preceding allegations.

50. Plaintiff engaged in activity protected by 42 U.S.C. §1981 when he reported to Martonchik and Overton Rand's egregious misconduct on January 17, 2018.

51. Defendant County retaliated against Plaintiff because he reported and opposed Rand's illegal conduct.

52. Defendant County's actual or constructive termination of Plaintiff's employment on this basis violates 42 U.S.C. §1981.

53. As a proximate result of Defendant County's illegal conduct, Plaintiff has suffered, and will continue to suffer, emotional distress, especially outrage, lost opportunities, loss of reputation, embarrassment and the physical manifestations of these injuries, as well as economic damages.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant County as follows:

    a. Compensatory damages in whatever amount above $75,000.00 he is found to be entitled;
    b. An award of lost wages and the value of fringe benefits, past and future;
    c. An award of exemplary and punitive damages;
    d. An award of interest, costs and reasonable attorney fees; and

e. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II – RETALIATION
### (Against the Defendant County)

54. Plaintiff incorporates by reference each of the preceding allegations.

55. Plaintiff engaged in protected activity under the Elliott-Larsen Civil Rights Act, 37.2701 when he reported County to Martonchik and Overton Rand's egregious misconduct on January 17, 2018.

56. Defendant County retaliated against Plaintiff because he reported and opposed Rand's illegal conduct.

57. Defendant County's actual or constructive termination of Plaintiff on this basis violates M.C.L.A. 37.2701.

58. As a proximate result of Defendant County's illegal conduct, Plaintiff has suffered and will continue to suffer emotional distress, especially outrage, lost opportunities, loss of reputation, embarrassment and the physical manifestations of these injuries, as well as economic damages.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant County as follows:

a. Non-Economic damages in whatever amount above $75,000.00 he is found to be entitled;
b. Economic damages, including lost wages and the value of fringe benefits, past and future;

      c.      An award of interest, costs and reasonable attorney fees; and

      d.      An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT III
## HOSTILE WORK ENVIRONMENT BASED ON DISABILITY
### (Against both Defendants)

59. Plaintiff incorporates by reference each of the preceding allegations.

60. Plaintiff is a person with disabilities, Post Traumatic Stress Disorder and symmetric sensorineural hearing loss, and therefore qualifies for protection under state and federal disability statutes.

61. Plaintiff was subject to the unwelcome hostile, harsh and demeaning harassment described above.

62. The harassment was based on his status as a person with a disability, hearing loss.

63. The harassment unreasonably interfered with Plaintiff's ability to perform his job because it created an intimidating, hostile and offensive work environment.

64. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and abusive and Plaintiff believed it to be so.

65. Defendants knew of the conduct described above.

66. Defendants failed to take prompt and appropriate remedial action to end the harassment.

67. Defendants' creation and perpetuation of the above described sexually hostile work environment, as well as the termination of Plaintiff's employment, based on his disability, violates the Persons with Disabilities Civil Right, MCLA 37.1101 et seq.

## COUNT IV – RETALIATION
### (Against the Defendant County)
### (Title VII)

68. Plaintiff incorporates by reference each of the preceding allegations.

69. Plaintiff engaged in activity protected by Title VII of the Civil Rights Act of 1964 when he reported to Martonchik and Overton Rand's egregious misconduct on January 17, 2018.

70. Defendant County retaliated against Plaintiff because he reported and opposed Rand's illegal conduct.

71. Defendant County's actual or constructive termination of Plaintiff's employment on this basis violates Title VII.

72. As a proximate result of Defendant County's illegal conduct, Plaintiff has suffered, and will continue to suffer, emotional distress, especially outrage, lost opportunities, loss of reputation, embarrassment and the physical manifestations of these injuries, as well as economic damages.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant County as follows:

    a.    Compensatory damages in whatever amount above $75,000.00 he is found to be entitled;

    b.    An award of lost wages and the value of fringe benefits, past and future;

    c.    An award of exemplary and punitive damages;

    d.    An award of interest, costs and reasonable attorney fees; and

    e.    An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT V
## HOSTILE WORK ENVIRONMENT BASED ON DISABILITY
**(Against both Defendants)**

73. Plaintiff incorporates by reference each of the preceding allegations.

74. Plaintiff is a person with disabilities, Post Traumatic Stress Disorder and symmetric sensorineural hearing loss, and therefore qualifies for protection under state and federal disability statutes.

75. Plaintiff was subject to the unwelcome hostile, harsh and demeaning harassment described above.

76. The harassment was based on his status as a person with a disability, hearing loss.

77. The harassment unreasonably interfered with Plaintiff's ability to perform his job because it created an intimidating, hostile and offensive work environment.

78. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and abusive and Plaintiff believed it to be so.

79. Defendants knew of the conduct described above.

80. Defendants failed to take prompt and appropriate remedial action to end the harassment.

81. Defendants' creation and perpetuation of the above described sexually hostile work environment, as well as the termination of Plaintiff's employment, based on his disability, violates the Americans with Disabilities Act, 42 USC §12101 et seq.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant County as follows:

   a. Compensatory damages in whatever amount above $75,000.00 he is found to be entitled;
   b. An award for lost wages, including lost wages and the value of fringe benefits, past and future;
   c. An award of punitive (liquidated) damages;
   d. An award of interest, costs and reasonable attorney fees; and
   e. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

                                            Respectfully submitted,

                                            */s/ James K. Fett*
                                            By: James K. Fett (P39461)
                                            Fett & Fields, P.C.
                                            805 E. Main St.
                                            Pinckney, MI 48169
                                            734-954-0100
                                            jim@fettlaw.com
Dated: July3, 2018                         Attorneys for Plaintiff

Affidavit of Mailing

I hereby certify that on July 3, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **not applicable**, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: **not applicable.**

                                            */s/ James K. Fett*
                                            James K. Fett (P39461)
                                            Fett & Fields, P.C.
                                            805 E. Main St.
                                            Pinckney, MI 48169
                                            734-954-0100
                                            jim@fettlaw.com

**JURY DEMAND**

      NOW COMES Plaintiff, through her counsel Fett & Fields, P.C., and hereby demands trial by jury in the above-captioned matter.

                                            Respectfully submitted,

                                            */s/ James K. Fett*
                                            By: James K. Fett (P39461)
                                            Fett & Fields, P.C.
                                            805 E. Main St.
                                            Pinckney, MI 48169
                                            734-954-0100

                                              jim@fettlaw.com

Dated: July 3, 2018                  Attorneys for Plaintiff

<u>Affidavit of Mailing</u>

I hereby certify that on July 3, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **not applicable**, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: **not applicable.**

                                        */s/ James K. Fett*
                                        James K. Fett (P39461)
                                        Fett & Fields, P.C.
                                        805 E. Main St.
                                        Pinckney, MI 48169
                                        734-954-0100
                                        jim@fettlaw.com