UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY SCHUETTE,

    Plaintiff,  Case No. 18-10497
v.  Honorable Linda V. Parker

JACKSON COUNTY,

    Defendant.
_____/

**ORDER GRANTING JACKSON COUNTY'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (ECF NO. 65)**

In this lawsuit, Plaintiff Tommy Schuette alleges that Defendant Jackson County subjected him to a hostile work environment and retaliated against him.[1] On June 21, 2019, the County filed a summary judgment motion (ECF No. 35), which was granted in part and denied in part by the Honorable Stephanie Dawkins Davis—to whom the case was then assigned (ECF No. 54).[2] Relevant to the current order, Judge Davis denied summary judgment to the County as to Schuette's claim for hostile work environment under the Americans with Disabilities Act. In doing so, Judge Davis recognized that the County may be

---

[1] Plaintiff also named Steven P. Rand, the Sheriff of Jackson County, as a defendant; however, Plaintiff's claims against Rand have been dismissed. (ECF No. 54.)

[2] The matter was recently reassigned to the undersigned pursuant to Administrative Order 22-A)-036.

1

strictly liable for Rand's conduct unless it could establish that it took "no tangible employment action" and that "(1) [it] exercised reasonable care to prevent and correct any harassing behavior and (2) that [Schuette] unreasonably failed to take advantage of the preventive or corrective opportunities that the [County] provided." (ECF No. 54 at Pg ID 1519-20 (quoting *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)).) While indicating that the County may have been able to make the requisite showing to establish this affirmative defense, Judge Davis did not consider the defense because the County had not raised it in its Answer or in its summary judgment briefing. (*Id.* at 1521-22.) Seeking to raise the defense now, the County has moved to file a second summary judgment motion. (ECF No. 65.)

Schuette argues that the County should not be allowed to file a second motion for summary judgment. He claims that the County never asserted this affirmative defense in its Answer to the Complaint, and, as a result, the defense "was on no one's radar and was never the subject of discovery." (ECF No. 67 at Pg ID 1671.) Relying on *Wooten v. Virginia*, No. 6:14-CV-00013, 2016 WL 4742336, at *3 (W.D. Va. Sept. 12, 2016), he also argues that courts routinely deny successive motions for summary judgment "if the arguments in the second motion could have been raised in the first motion" and that the interests in finality and efficiency favor denial here. (ECF No. 67 at Pg ID 1672.) The County, on the

2

other hand, argues that it properly raised the defense in its Answer. (ECF No. 69 at Pg ID 1683.) The County also underscores, by citing a series of cases, that courts may consider successive motions for summary judgment. (*Id.* at Pg. ID 1687-88.) The Court is going to allow the County to file a second dispositive motion.

As set forth in Eastern District of Michigan Local Rule 7.1(b)(2), "a challenge to several counts of a complaint generally must be in a single motion" and "[a] party must obtain leave of court to file more than one motion for summary judgment." District courts nevertheless have the discretion to permit a successive motion for summary judgment. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000). As "[m]atters of docket control and discovery are within the sound discretion of the district court." *Jones v. Northcoast Behavioral Healthcare System*, 84 F. App'x 597, 599 (6th Cir. 2003).

A party should present "good reasons" in seeking to file a successive motion for summary judgment. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). Courts have identified several "good reasons" for allowing a party to do so:

> A successive motion for summary judgment may be considered … under certain circumstances, *such as*: "'(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or prevent manifest injustice.'"

*Hescott v. City of Saginaw*, No. 10-13713, 2012 WL 13005302, at *2 (E.D. Mich. 2012) (emphasis added) (quoting *Whitford*, 63 F.3d at 530 (quoting *Kern-Tulare*

3

*Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986)). As the italicized language reflects, this list is not exhaustive.

First, while Judge Davis stated when deciding the County's previously filed dispositive motion that the County had not raised the *Faragher* defense in its Answer (*see* ECF No. 54 at Pg ID 1521), the Court finds the County in fact did so. In its Answer, the County denies that Schuette reported the alleged harassment to the County. (*See, .e.g.*, ECF No. 19 at Pg ID 153, 155, 174, ¶¶ 22, 27, 76.) The County also states that it "engaged in good faith efforts to comply with the law"; "Any injuries that may have been sustained by Plaintiff were as a result of his own actions or circumstances beyond the control of Defendant County"; and "Plaintiff's damages are the result, in whole or in part, of Plaintiff's contributory negligence." (*Id.* at Pg ID 176-77.) While the County did not explicitly identify the *Faragher* defense, these general statements are sufficient to raise the defense. Typically, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives [the] plaintiff fair notice of the nature of the defense." *Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 737 (E.D. Mich. 2017) (quoting 5 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Proc. § 1274 (3d ed. 2021)); *see also Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (quoting *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994) (alteration in original)) (explaining that "[an affirmative

4

defense] 'need not be articulated with any rigorous degree of specificity,' and is 'sufficiently raised for purposes of Rule 8 by its *bare assertion.*'") (. Several cases support this finding. For example, in *Moody v. Atlantic City Board of Education*, 870 F.3d 206 (3d Cir. 2017), the court found that the defendant sufficiently raised the *Faragher* defense in its answer—even though it "did not explicitly identify the *Ellerth*/*Faragher* defense"—by stating that it "at all times, acted in good faith and based on reasonable and rational decision-making and procedure" and that the plaintiff's damages were barred by her "failure to mitigate." *Id.* at 218-19. Similarly, the Eleventh Circuit found that a district court had not abused its discretion by permitting the defendant to present the *Faragher* defense at trial because "[a]lthough [the plaintiff] failed to mention the term *Faragher* in its answer to the complaint, [the plaintiff] raised a generic defense that the plaintiffs 'failed to mitigate their damages.' That pleading of 'failure to mitigate' sufficiently raised a *Faragher* defense." *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1258-59 (11th Cir. 2014). The County's language is similar to that in *Moody* and *Adams*, and, for the same reasons, sufficient to put Schuette on notice of the defense and its relevance during discovery.

While the Sixth Circuit has not directly addressed whether a *Faragher* defense is waived if not raised in a responsive pleading, significantly, it has stated that the "[f]ailure to raise an affirmative defense by responsive pleading does not

5

always result in waiver." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (finding that the district court did not abuse its discretion by permitting the defendant to raise an affirmative defense in a second motion for summary judgment). "The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (citing *Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971)). "A district court may, in its discretion, allow a defendant to raise an affirmative defense for the first time in a motion for summary judgment if doing so does not result in surprise or prejudice to the plaintiff." *Lauderdale v. Wells Fargo Home Mortg.*, 552 F. App'x 566, 573 (6th Cir. 2014). "[I]f a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" *Coffey*, 992 F.2d at 1445 (quoting *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 979 (11th Cir. 1989)).

Here, the Court will permit the parties to file respective briefing on the affirmative defense, thus giving Schuette an opportunity to rebut the defense. And while Schuette claims that the defense was never the subject of discovery, he fails to point to any additional evidence he would have requested. *See Lauderdale*, 552 F. App'x at 573 (finding that a trial court did not abuse its discretion in allowing a

6

defendant to raise an affirmative defense because, in part, the plaintiffs had "pointed to no additional discovery evidence that would have been requested had [the defendant] raised the defense in its answer"). Thus, the Court finds that Schuette will not suffer prejudice if the County is permitted to raise the defense in a second dispositive motion and the Court considers that defense.

Second, while the County should have argued the merits of this defense in its first summary judgment motion, it now raises a plausible defense that may dispose of one of Schuette remaining claims. Due to the Covid-19 pandemic, the trial has been adjourned without date, giving Schuette adequate time to respond to this motion without delaying the case. Finally, there is no evidence that the County is purposefully engaging in dilatory actions.

For these reasons, the County's Motion for Leave to File Second Motion for Summary Judgment (ECF No. 65) is **GRANTED**. The County must file its second motion for summary judgment within seven days of entry of this Opinion and Order. A response and, if filed, a reply must be submitted in accordance with the briefing schedule set forth in Eastern District of Michigan Local Rule 7.1(e).

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 18, 2022