UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY J. SCHUETTE,

    Plaintiff,

v.

JACKSON COUNTY,

    Defendant.
_____/

Case No. 18-10497
Honorable Linda V. Parker

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION *IN LIMINE* (ECF NO. 58)**

## Procedural Background

In this lawsuit, Plaintiff Tommy Schuette alleges that Steven P. Rand, the Sheriff of Jackson County at the time the suit was filed, and Jackson County ("County") discriminated against him based on his disability. (ECF No. 1.) Schuette later amended his complaint alleging that (a) Rand and the County subjected him to a hostile work environment on the basis of his disabilities (hearing loss and post-traumatic stress disorder), in violation of the Americans with Disabilities Act ("ADA") and the Persons with Disabilities Civil Rights Act ("PWDCRA"); and (b) the County retaliated against him after he reported Rand's conduct, in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Elliot-Larson Civil Rights Act ("ELCRA"). (ECF No. 14.)

Schuette filed a motion in limine seeking to exclude certain evidence of his own conduct as unfairly prejudicial. (ECF No. 49.) After briefing and a hearing on the matter, the Honorable Stephanie Dawkins Davis—to whom the case was then assigned—granted in part and denied in part the motion in limine. (ECF No. 54.) The County timely filed a motion for reconsideration. (ECF No. 58.) The case was subsequently assigned to the undersigned pursuant to Administrative Order 22-AO-036.

## Applicable Standard

Eastern District of Michigan Local Rule 7.1(h)[1] governs motions for reconsideration and provides as follows with respect to non-final orders such as the decision on Schuette's motion *in limine*:

> (2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

---

[1] A prior version of Local Rule 7.1(h) was in effect when the County filed its motion. The new version, quoted above, was effective December 1, 2021. Local Rule 1.1(d) provides that current rules apply to all proceedings pending at the time they take effect, unless, in the opinion of the court, the application of the new rule would not be feasible or would work an injustice. Here, the Court finds that application of the new rule is feasible and would not work an injustice.

    (B) An intervening change in controlling law warrants a different outcome; or

    (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. L.R. 7.1(h)(2). "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. Of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018).

## Analysis

In his motion in limine, Schuette sought to exclude certain evidence of his own behavior that he argued was unfairly prejudicial. (ECF No. 48.) The evidence included Schuette allegedly exposing himself to a supervisor and to Rand while off-duty. The County opposed the motion, contending that the evidence was relevant to Schuette's harassment claims. More specifically, the County argued that the conduct undermined Schuette's arguments that the harassment he claimed to have experienced was "unwelcome" because when a plaintiff joins in such conduct, fact finders are less likely to find that the conduct was unwelcome or hostile. (ECF No. 52 at Pg ID 1415-17.) The Court agreed as to some of the evidence but found the probative value of evidence that Schuette exposed himself

while drinking with Rand off-duty was largely irrelevant to the disability harassment claims, and also unfairly prejudicial. (ECF No. 54.)

In its motion for reconsideration, the County argues that the Court erred in excluding this evidence. (ECF No. 58.) Specifically, the County argues that the evidence is relevant to Schuette's retaliation claims because Schuette has sought to portray himself as a "[w]hite [k]night" for protected groups and because it attacks his credibility. (*See id*. at Pg ID 1548.)

"A motion for reconsideration is not intended as a means to allow a losing party . . . to introduce new arguments." *Saltmarshall v. VHS Children's Hosp. of Michigan*, 402 F. Supp.3d 389, 393 (E.D. Mich. 2019); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("[P]arties should not use [motions for reconsideration] to raise arguments which could, and should, have been made before judgment issued.") (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Accordingly, the Court need not address this argument because the County failed to raise it previously.

In any event, the evidence is not relevant to Schuette's retaliation claims. As discussed above and in more detail in Judge Davis' decision, in evaluating the subjective component of *hostile work environment claims*, evidence of the plaintiff's own harassing conduct generally is relevant to whether the complained of harassment was "unwelcome." (*See* ECF No. 54 at Pg ID 1503-04.) It is

unclear what, if any parallel inquiry would apply in the context of a retaliation claim brought by a third party, as is the case here. And the County does not explain how Schuette's conduct in exposing himself would excuse the allegedly retaliatory conduct of County employees or undermine any element of Schuette's retaliation claims.[2] There is no basis to revisit Judge Davis' conclusion that the relevance of this evidence is, at best, remote and indirect and thus, unfairly prejudicial. (*Id.* at Pg ID 1535.)

## Conclusion

For the reasons set forth above, the County's Motion for Reconsideration (ECF No. 58) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 18, 2022

---

[2] The elements of a retaliation claims are: (1) the plaintiff "engaged in an activity protected by [§ 1981, Title VII, and the ELCRA]"; (2) "his exercise of such protected activity was known by the defendant"; (3) "thereafter, the defendant took an action that was 'materially adverse' to the plaintiff"; and (4) "a causal connection existed between the protected activity and the materially adverse action." *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014).