UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY SCHUETTE,

    Plaintiff,

v.

JACKSON COUNTY,

    Defendant.
_____/

Civil Case No. 18-10497
Honorable Linda V. Parker

## OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STATEMENTS BY DISMISSED DEFENDANT FORMER SHERIFF RAND (ECF NO. 92)

This matter awaits trial on Plaintiff Tommy Schuette's claims that Defendant Jackson County ("County") subjected him to a hostile work environment based on his disability (hearing loss) in violation of the Americans with Disabilities Act (Count V) and retaliated against him for reporting unlawful harassment in violation of 42 U.S.C. § 1981 (Count I), the Michigan Elliott-Larsen Civil Rights Act (Count II), and Title VII of the Civil Rights Act of 1964 (Count IV). The County has filed a motion in limine asking the Court to preclude Schuette from introducing any of the "disparaging, derogatory, and discriminatory statements made regarding [Schuette] and others" by former defendant and former County Sheriff Steven P. Rand, arguing that they are not relevant, are unduly prejudicial, and are barred by the executive privilege. (ECF No. 92.) The motion

is fully briefed. (ECF Nos. 94, 95.) Finding no merit to the County's arguments, the Court is denying the motion.

## General Standards

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Courts in this District find motions in limine useful prior to the commencement of trial to:

> (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (citing *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007)).

A district court's ruling on such a motion is "a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States* v. *Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd,* 469 U.S. 38 (1984)). District courts have

"broad discretion" over matters involving the admissibility of evidence at trial. *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006) (quotations and citation omitted). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4.

As an initial step, when analyzing admissibility, a court must consider whether the evidence is relevant. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has *any tendency* to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The threshold for determining the relevancy of evidence is low. *See United States v. Lang*, 717 F. App'x 523, 530 (6th Cir. 2017) (stating that "evidence is relevant if it 'advance[s] the ball' one inch") (quoting *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) (describing the relevance standard as "extremely liberal")). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

In contrast, irrelevant evidence is not admissible. Fed. R. Evid. 402. Further, a "court may exclude relevant evidence if its probative value is

3

substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Robinson v. Runyon*, 149 F.3d 507, 514-15 (6th Cir. 1998) (Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice.") (emphasis in original). "District courts enjoy 'broad discretion' in making the prejudice determination." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (quoting *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)).

## Analysis

The statements the County now seeks to keep from the jury are undeniably relevant—particularly given the liberal standard for assessing relevance—and they are not unduly prejudicial. Schuette's hostile work environment claim is premised on these very statements. The jury must hear the statements to assess whether Schuette was subjected to a hostile work environment. *See Grace v. Uscar*, 521 F.3d 655, 678 (6th Cir. 2008).

Even if the County is conceding that Rand's statements were sufficiently severe or pervasive to subjectively and objectively create a hostile or abusive work environment, *see id*. (quoting *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006)), the evidence remains relevant. The jury must decide whether the County exercised reasonable care and took prompt action in response

4

to Rand's behavior.[1]  *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).  What statements were made, who made them, who heard them, and when they were made are relevant to the jury's determinations.  This evidence informs the jury as to whether the County or other supervisors had notice of the harassment, when notice was obtained, and whether the County or other supervisors responded adequately.

Evidence is not excludable under Rule 403 simply because the "'legitimate probative force of the evidence' would result in damage to the defendant's case, but rather that the evidence would 'tend to suggest a decision on an improper basis.'"  *United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011) (quoting *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006)) (brackets omitted); *Doe v. Claiborne Cnty.*, 103 F.3d 495, 515 (6th Cir. 1996) (quotation marks and citations omitted) ("This Court has interpreted unfair prejudice to mean 'the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the

---

[1] Judge Stephanie Dawkins Davis, to whom this case previously was assigned, found that Rand acted as a supervisor over Schuette and, therefore, the County is liable for Rand's conduct unless it raises and establishes the affirmative defense that it exercised reasonable care and took prompt action and that Schuette failed to take advantage of available procedures.  (*See* ECF No. 54 at Pg ID 1520-21.)  Even if Rand is deemed a co-worker, the statements are relevant to assessing whether the County "was negligent in controlling working conditions." *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013).

evidence."). Stated simply, the question is not whether the evidence is "highly prejudicial" or "damaging" but whether it is "unfairly" so. The probative value of Rand's statements is not "substantially outweighed" by any "danger of unfair prejudice."

The statements recorded during Sheriff's Office Command meetings also are not excludable under executive privilege. As the County's cited caselaw reflects (notably a decision that was recently overruled), the privilege does not extend to the statements at issue here:

> "This privilege protects the "consultive functions" of government by maintaining the confidentiality of "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."" The privilege attaches to inter- and intraagency communications that are part of the deliberative process proceeding the adoption and promulgation of an agency policy.

*Mich. Council of Trout Unlimited v. Dep't of Military Affairs*, 539 N.W.2d 745, 751 (Mich. Ct. App. 1995), overruled by *ACLU of Mich. v. Calhoun Cnty. Sheriff's Office*, 983 N.W.2d 300 (Mich. 2022) (quoting *Jordan v. Dep't of Justice*, 591 F.2d 753, 772 (D.C. Cir. 1978)). "Rand's disparaging, derogatory[,] and discriminatory statements made regarding Plaintiff and others" (ECF No. 92 at Pg ID 3282) are not "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated," *Mich. Council of Trout Unlimited*, 539 N.W.2d at 751. Nor are they

6

"communications that are part of the deliberative process proceeding the adoption and promulgation of an agency policy." *Id*.

The County additionally fails to cite authority suggesting that the privilege extends to the exclusion of evidence at trial. *Michigan Council of Trout Unlimited*, the circuit court case on which it rests, and cases citing both only discuss the privilege in the context of disclosing information in response to a FOIA request. *See,.e.g., Mich. Council of Trout Unlimited*, 539 N.W.2d 745 (action by environmental groups claiming violations of Michigan Freedom of Information Act); *Jordan*, 591 F.2d at 755 (law students bringing suit under FOIA seeking disclosure of documents regarding the United States Attorney's exercise of prosecutorial discretion); *Local Area Watch v. City of Grand Rapids*, 683 N.W.2d 745, 747 (Mich. Ct. App. 2004) (action seeking production of documents from the city under FOIA).

For these reasons, the Court does not find a basis for excluding Rand's statements at trial.

Accordingly,

**IT IS ORDERED** that the County's motion in limine (ECF No. 92) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 11, 2023